UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ANTWOINE CANNON,**

    **Plaintiff,**

vs.                                         **CASE NO. 4:23-CV-00427-AW-MAF**

**TALLAHASSEE POLICE
DEPARTMENT,**

    **Defendants,**
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Antwoine Cannon, a pretrial detainee proceeding *pro se*, filed a complaint, under 42 U.S.C. § 1983, and an incomplete motion to proceed *in forma pauperis* (IFP), which is due to be denied. The Court is required to screen the complaint under 28 U.S.C. § 1915A and construes Plaintiff's allegations liberally. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). This case should be dismissed because the complaint fails to state a claim and Plaintiff affirmatively misrepresented his litigation history. Plaintiff's IFP motion is addressed first.

    I.    **Plaintiff's Motion to Proceed IFP, ECF No. 2, is Denied.**

Plaintiff's IFP motion, ECF No. 2, contains an implausible affidavit and

incomplete prisoner consent form and financial certificate. Id. Plaintiff states on that affidavit that in the past twelve months he has received no money from any source, including employment or gifts, but maintains that he contributes $100 per month toward his daughter's support. Id., p. 2. This is impossible without some source of income. The financial certificate is entirely blank. Id., p. 4. This is not permissible. If Plaintiff is in state custody, he is required to disclose the current balance and the average monthly balances and deposits for his inmate account for the preceding six months. Although Plaintiff has been held at the Leon County Detention Center for three months, he is still required to disclose these amounts for the period he has been in custody. Finally, prisoners are required to provide their inmate account statements for the six-month period (or for the period during which they have been in custody if less than six months). Plaintiff did not provide any inmate account statements. Without the requisite disclosures and account statements, this Court cannot determine whether Plaintiff is eligible to proceed IFP. Accordingly, Plaintiff's IFP motion shall be **DENIED**.

## II.   Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury . . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal without prejudice as malicious where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and

expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. A case in which a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

## III. Plaintiff's Initial Complaint, ECF No. 1.

Plaintiff named two defendants: the Tallahassee Police Department (TPD) and the City of Tallahassee, solely in their official capacities. ECF No. 1, pp. 1-3. The complaint is scant. As best can be determined, on July 7, 2023, at approximately 6:39 p.m., Plaintiff was walking on Lake Bradford Road when he noticed two patrol cars going by. Id., p. 5. Plaintiff continued to walk and noticed officers looking at him for no reason. Id. Officer Chase stopped at the intersection, turned on his emergency lights, and waited for Plaintiff to get closer. Id. The officer exited his vehicle when Plaintiff "cut back across" to the west side of the road. Id. The officer asked Plaintiff if he could talk to him; and Plaintiff agreed. Id. The officer told Plaintiff that a call came in "about a wanted male." Id., p. 6. Plaintiff responded, "[i]t's

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 4:23-CV-00427-AW-MAF

not me." Id. Plaintiff claims he "feared for [his] life to ignore this officer" who was "stalking [him] back and forth." Id. Plaintiff provides no other details; and Officer Chase is not named as a defendant in this case.

Plaintiff alleges violations of his Fourth-, Fifth-, and Sixth Amendment rights. Id., p. 7. Plaintiff only seeks monetary damages for lost wages; $1,785.00 in lost rent; and $13,000 for pain and suffering. Id. The complaint is legally insufficient.

## IV.   Shotgun Pleadings Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. Of Ky., 627 F. App'x 816, 818 (11th Cir. 2015). There are no numbered paragraphs in the complaint.

"A 'shotgun pleading' – one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' – does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the

defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Here, Plaintiff does not attribute any specific acts or omissions to either the TPD or the City of Tallahassee. Naming these defendants, without providing any facts, is inadequate. Legal conclusions are insufficient.

## V. Plaintiff Fails to State a Claim

To the extent Plaintiff seeks to pursue claims against Defendants solely on a theory of vicarious liability, the claims are due to be dismissed. "(L)iability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003)); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. denied, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted).

Plaintiff does not establish that any TPD or city policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell

v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted).

Similarly, the claims are also due to be dismissed because Plaintiff sues Defendants solely in their official capacities. The Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). This principle is not abrogated by § 1983 for damage suits; and Florida has not waived its immunity from § 1983 suits. Id. A state and an agency of a state are, thus, immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005). This Eleventh Amendment Immunity bar applies regardless of whether a plaintiff seeks money damages or prospective injunctive relief. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). "Suits against state officials in their official capacities therefore should be treated as suits against the State." Holmes v. Hale, 701 F. App'x 751, 753 (11th Cir. 2017).

Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v.

McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

Plaintiff is only seeking monetary damages against Defendants, which is barred by the Eleventh Amendment. Ordinarily, a plaintiff has a right to amend his complaint; however, this courtesy should not be extended to Plaintiff because, under the penalty of perjury, he made affirmative misrepresentations regarding his litigation history.

## VI. Plaintiff's Affirmative Misrepresentations

On the complaint form, Section VIII. PRIOR LITIGATION, advises:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

ECF No. 1, p. 8. Section VIII, Question C asks, "Have you filed any other

lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10. Plaintiff answered, "No." Id. Not true. While Plaintiff was a prisoner at Suwannee Correctional Institution, he filed at least one other Section 1983 complaint, M.D. Fla. No. 3:16-cv-01358-HES-JBT. The Court will not assume Plaintiff's responsibility to disclose his litigation history by providing him additional case details.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully completed this section of the

form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. If the Court cannot rely on the statements or responses made by litigants, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed.

    Knowing that accurate disclosure of his litigation history was required, and dismissal of the instant action might result from any untruthful answers, if Plaintiff suffered no penalty for his responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spreads around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. The Court should not allow Plaintiff's misrepresentations to go unpunished. The complaint form warns that failure to make truthful disclosures may result in a recommendation of dismissal. ECF No. 1. Plaintiff will not be prejudiced by this dismissal. He may refile his claims in a new case, on the proper form and making the requisite disclosures, subject to a new filing fee and case number.

Case No. 4:23-CV-00427-AW-MAF

## VII.     Conclusion and Recommendation

It is **ORDERED** that, Plaintiff's motion to proceed IFP, ECF No. 2, is **DENIED WITHOUT PREJUDICE**.

For the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history and because the complaint is a shotgun pleading. The case may also be dismissed for failure to state a claim. While Plaintiff should not be precluded from refiling this action as a new case, he should not be permitted to amend his currently filed Complaint in this pending case. The case should be **CLOSED** with an order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike.

**IN CHAMBERS** this 2nd day of October, 2023.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may

respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).